## Edwards v. Arvin.

May 21, 1940.

Charles L. Seale, Judge.

Hugh Riddell for appellant.
Shumate & Shumate for appellee.

Opinion of the Court by Judge Cammack—Reversing.

This is the second appeal of this case. The first one is reported in Edwards v. Arvin, 272 Ky. 528, 114 S. W. (2d) 778, 780. The facts and circumstances concerning the dissolution of the partnership between Edwards and Arvin may be found in the former opinion. After discussing the law as to the allowance to a member of the firm for advances made by him to its capital stock upon its dissolution, it was said in the former opinion:

"Of course it is competent for the parties to agree upon such matters; but when there is no such agreement in the articles of partnership, then the rules supra are to be followed. There are no such modifying agreements shown in this case, and we are unable to find any foundation for the court's ruling in allowing appellant, Edwards, only 60 per

cent. of the valuation of the invoice price of the stock that he furnished to the firm. The partnership should, therefore, be settled on the basis of allowing him 100 per cent. of such invoice valuations instead of the 60 per cent. basis allowed by the court. All other disputed questions and items argued by appellant's learned counsel as constituting errors in the court's judgment are overruled, since we conclude there is sufficient evidence to support the court's finding in regard to them.

"For the reasons stated, the judgment is reversed, with directions to render one according to the correct rule as hereinbefore advanced, i. e., by first crediting, out of the partnership assets, to defendant and appellant, 100 per cent. of the invoice valuation of the stock furnished by him, amounting to $3,118.39, and to then adjudge the rights of his lien creditors supra, in and to that allowance according to equitable principles, and for other proceedings consistent with this opinion."

Upon the return of the case to the lower court a personal judgment was rendered against Arvin in favor of Edwards in the amount of $539.89, with interest. Edwards is insisting that he should have been allowed the sum of $1,247.32 instead of $539.18; the sum contended for being 40 per cent. of the invoice value of the stock furnished by him ($3,118.39 as set forth in the former opinion). Arvin's counsel say certain errors in calculation in the original judgment were corrected and that a judgment was rendered in favor of Edwards for the proper amount due him.

It is Arvin's contention that the 40 per cent. of the invoice valuation of the stock furnished by Edwards now in controversy was divided equally between the parties as profits, and, therefore, one-half the amount due Edwards under the former opinion has already been credited to him. Since it has been noted that a personal judgment against Arvin was rendered in favor of Edwards, it is apparent that the remaining assets of the partnership have been divided between the partners. Otherwise, there would be no basis for a personal judgment against Arvin. In view of the former opinion, however, judgment should have been entered for one-half of the difference between $3,118.39 and 60 per cent.

of that amount as allowed Edwards formerly. As we calculate it, the judgment should have been for $623.68, with interest.

Wherefore, the judgment is reversed, with directions to set it aside and enter a judgment in conformity with this opinion.